IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| LARRY BRYANT<br>2005 Flourmill Court<br>Crownsville, MD 21032<br>*on behalf of himself and*<br>*all others similarly situated* | * * * | |
| and | * | |
| DEIDRA BRYANT<br>2005 Flourmill Court<br>Crownsville, MD 21032<br>*on behalf of herself and*<br>*all others similarly situated* | * * * | Civil Action No. _____ |
| Plaintiffs.<br>v. | * * | |
| KOPPERS, INC.<br>436 Seventh Ave<br>Pittsburgh, PA 15219 | * * | |
| Serve on: | * | |
| CSC Lawyers Incorporating Service Company,<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202 | * * | |
| and | * | |
| CULPEPER OF FEDERALSBURG, LLC<br>501 North Main Street<br>Culpeper, VA 22701 | * * | |
| Serve on: | * | |
| David E. Rutkoski, Resident Agent<br>2000 Industrial Park<br>Federalsburg, MD 21643 | * * | |
| Defendants. | * | |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Larry Bryant and Deidra Bryant (together, the "Bryants" or "Plaintiffs"), on behalf of themselves and on behalf of the entire class of persons similarly situated, by and through their attorneys, Aidan F. Smith, Mark D. Maneche, and Pessin Katz Law, P.A., hereby sues Koppers, Inc. (hereinafter "Koppers") and Culpeper of Federalsburg, LLC ("Culpeper") (together, the "Defendants").

**Introduction**

The Bryants had a deck constructed on their property with wood that was chemically treated by Culpeper with chemicals that were manufactured by Koppers. The Defendants guaranteed that the chemical treatment would prevent rot and fungus. Despite this promise from the Defendants, the deck is now unusable due to fungus and rot, which have destroyed the deck.

This problem is incredibly common. Koppers changed the chemical formulation for its wood treatment in 2004. The problems with the wood are not only caused by the changed formula, but are also caused by Culpeper using inadequate amounts of the chemical to treat the wood.

Thousands of decks were built in the past ten years using these chemicals and the inadequate treatment level. It is, therefore, expected that this problem is wide spread and thousands of other decks will need to be repaired or replaced.

**Defendants and Jurisdiction**

1.      Defendant Koppers is a corporation duly organized under the laws of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania. Koppers is engaged in the design, manufacture, and sale of chemicals and chemically-treated wood, and is duly licensed to do business in the State of Maryland and in fact does business in Maryland (*i.e.*, the sale and/or

manufacture of chemically-treated wood). Koppers carries on a regular business throughout the State of Maryland.

2. Defendant Culpeper is a corporation duly organized under the laws of Virginia with its principal place of business in Culpeper, Virginia. On information and belief, Culpeper is a seller of Koppers-treated wood products and does business in Maryland. Culpeper carries on a regular business throughout the State of Maryland.

3. Jurisdiction in the United States District Court for the District of Maryland is proper under 28 U.S.C. § 1332 because the Defendant is diverse from all Plaintiffs and the amount in controversy in this action exceeds $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the instant claim occurred in the Northern Division of the District of Maryland.

## Class Representatives

5. Class Representative Plaintiff Lawrence Bryant is a resident of Anne Arundel County, Maryland.

6. Class Representative Plaintiff Deidra Bryant is a resident of Anne Arundel County, Maryland.

7. Plaintiffs Lawrence and Deidra Bryant bring this action pursuant to Federal Rule of Civil Procedure 23 as a class action on their own behalf and on behalf of all persons similarly situated.

## The Class

8. The members of the Plaintiff class are so numerous that their joinder is impracticable. The size of the class exceeds 1,000 members, many of whom live in the State of Maryland. The class is defined as all persons who:

      (a) have decks on their property constructed with wood that has been chemically-treated, manufactured and/or sold by Koppers and/or Culpepper, (b) had these decks constructed from on or around January 1, 2004 until the present, and (c) relied on the Defendants' express written warranty and Defendants' legal duty to sell a product free of known or reasonably discoverable defects.

Each class member similarly has discovered that his or her deck was constructed with defectively designed and/or manufactured wood, which was treated by Culpeper with a chemical designed and manufactured by Koppers and this defective chemical and treatment has rendered their decks unsafe for normal use.

## Maintainability of this Action

9. There are questions of law and/or fact that are common to the class, *e.g.,* whether the Defendants have breached their express warranties that the wood has been adequately treated to extend the life of the wood and to preserve it from rot, mold, and fungi.

10. The claims of the Class Representative Plaintiffs are typical of and similar to the claims of the other class members. The Class Representative Plaintiffs will fairly and adequately represent the interests of the class.

11. This action is properly brought as a class action under Federal Rule 23 in that questions of law or fact common to members of the class predominate over any questions affecting only individual members, joinder would be impracticable, there is a risk of inconsistent or varying adjudications amongst individual suits, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy between the class and Defendants.

## Desirability of a Class Action

12. The commonality of issues of law and fact, as well as the relatively limited liability to each class member, substantially diminishes the interest of members of the class in individually controlling the prosecution of separate actions. Many of the members of the class are unaware of

their rights to prosecute a claim against the Defendants. There has been little, if any, litigation already commenced by members of the class to determine the questions presented herein. It is desirable that the claims be concentrated in this forum due to the fact that many witnesses reside in the State of Maryland. This class action can be managed without undue difficulty because the Class Representative Plaintiffs will vigorously pursue the interests of the class by virtue of the specific damages they have incurred as a result of purchasing Defendants' product.

## Qualifications of Class Counsel

13.     Counsel for the Class Representative Plaintiffs and for the proposed class, Mark D. Maneche and Aidan F. Smith ("Class Counsel"), collectively have decades of experience handling complex litigation matters, including class action litigation matters like this one.  Class Counsel have handled numerous class certification and class action litigation matters in Maryland state courts, as well as in federal courts in Maryland and elsewhere.  As reflected in their respective biographies, which may be found at https://www.pklaw.com/attorneys/maneche-mark-d/ and https://www.pklaw.com/attorneys/smith-aidan-f/, Class Counsel are well qualified to represent the Class Representative Plaintiffs and the proposed class in this case.

## Facts Specific to the Class Representative Plaintiffs

14.     On or about June 27, 2007, the Class Representative Plaintiffs entered into a contract with ProBuilt Construction, Inc. ("ProBuilt") to build a deck on their home located at 2005 Flourmill Court, Crownsville, Maryland.

15.     The deck was built in accordance with the contract in or about September of 2009, and Plaintiffs paid $145,096.00 for the design, materials, and labor.

16. On information and belief, the deck was constructed using pressure-treated wood, which was treated by Culpeper with chemicals manufactured by Koppers in order to preserve the wood from rot, mold, fungi, and the like.

17. In 2019, Plaintiff Deidra Bryant was walking on the deck when a support beam gave way, causing her to fall. Fortunately, she suffered no major injuries in the accident.

18. After Mrs. Bryant's fall, the Plaintiffs inspected the deck and discovered the underlying wood joists were rotten, decayed, and caving in. On information and belief, this condition was caused by a fungus, which rots wood from the inside out, and causes a visible white residue on the wood. Wood that contains fungus is not a safe or stable material for a structure. If the wood used to construct the deck had been properly treated by Cuplpeper with an appropriate chemical manufactured by Koppers, then the fungus would not have formed on the deck and the deck would be fit for normal use.

19. Due to Mrs. Bryant's fall and subsequent inspection of the deck, it became apparent to the Plaintiffs that the deck was no longer structurally sound for use. Plaintiffs ceased use and enjoyment of their deck at that time due to safety concerns.

## COUNT I – NEGLIGENCE
**(Class Action Claim – Against All Defendants)**

21. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

22. Culpeper is engaged in the design, manufacturing, treatment, and sale of chemically-treated wood. Koppers supplies the chemicals that are used to treat chemically-treated wood.

23. Defendants have a duty to design, manufacture, and sell products that are free from any and all defects, safe for use, and fit for their intended purpose.

24. Defendants breached that duty when they manufactured and/or sold a defective, unsafe, and unfit product that was ultimately used in Plaintiffs' deck.

25. In or about 2019, Plaintiffs became aware that their deck in its current condition is permanently structurally unstable and unsafe for use due to its composition of defective pressure-treated wood.

26. As a proximate result of this negligently designed and/or manufactured product, Plaintiffs have suffered damages in excess of $75,000 insofar as their deck is unstable, unsafe, and unusable for its intended purpose.

WHEREFORE, Class Representative Plaintiffs Lawrence and Deidra Bryant request that this Court certify this action as a class action and demand judgment for the Class Representative Plaintiffs and members of the class against Defendants in an amount in excess of $75,000, plus interest, costs and attorneys' fees.

## COUNT II – STRICT PRODUCTS LIABILITY
### (Class Action Claim – Against All Defendants)

37. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

38. Defendants are engaged in the design, manufacturing, treatment, and sale of chemically-treated wood and the chemicals used to treat that wood. Defendants have a duty to design, manufacture, and sell products that are free from defects, safe for use, and fit for their intended purpose.

39. Defendants placed a defective product into the stream of commerce when they sold the defectively designed and/or manufactured and unreasonably dangerous pressure-treated wood and the chemicals used to treat that wood. These products were ultimately used to construct Plaintiff's deck.

40. On information and belief, the pressure-treated wood reached the Plaintiffs' deck without any substantial change in its condition on the part of Plaintiffs or any other third party. Plaintiffs have used the deck in a reasonably foreseeable and expected manner since it was built.

41. In 2019, Plaintiffs were made aware that their deck, in its current condition, is permanently structurally unstable and unsafe for use due to the deterioration of the pressure-treated wood. Continued use of the deck would risk substantial injury or death to those on or near the structure.

42. As a proximate result of this defectively designed and/or manufactured product, Plaintiffs have suffered damages in excess of $75,000 insofar as their deck is unstable, unsafe, and unusable for its intended purpose.

WHEREFORE, Class Representative Plaintiffs Lawrence and Deidra Bryant request that this Court certify this action as a class action and demand judgment for the Class Representative Plaintiffs and members of the class against Defendants in an amount in excess of $75,000, plus interest, costs and attorneys' fees.

### Count III – UNFAIR OR DECEPTIVE TRADE PRACTICES
(Class Action Claim – Against All Defendants)

43. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

44. Defendants falsely represented to consumers that the wood they treated and the chemicals they supplied for this treatment would be "protected from . . . fungal decay." https://www.culpeperwood.com/wp-content/uploads/pdf/pdfmplifewoodbrochure1.28.09.pdf. This representation was false. Defendants knew that this statement was false when it was made.

45. Defendants' representation that its product would not be impacted by fungal decay falsely deceived, had the capacity to deceive, and misled consumers by implying that the

wood treated by or with a chemical supplied by Defendants would not be detrimentally impacted by fungal decay.

46. By making these knowingly false and deceptive statements, the Defendants violated the Maryland Consumer Protection Act, Md. Code, Commercial Law § 13-303.

WHEREFORE, Class Representative Lawrence and Deidra Bryant request that this Court certify this action as a class action and demand judgment for the Class Representative Plaintiffs and members of the class against Defendants in an amount in excess of $75,000, plus interest, costs and attorneys' fees.

### DEMAND FOR JURY TRIAL

Plaintiffs Colin and Sheila Withers assert their right under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Mark D. Maneche*
Mark D. Maneche (Fed. Bar No. 23368)
mmaneche@pklaw.com
Aidan F. Smith (Fed. Bar No. 29312)
asmith@pklaw.com
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
(410) 938-8800
(410) 832-5628 (fax)

***Counsel for Plaintiffs***