**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(NORTHERN DIVISION)

LARRY BRYANT                                  *
2005 Flourmill Court
Crownsville, MD 21032                         *
***on behalf of himself and***
***all others similarly situated***           *

     and                                      *

DEIDRA BRYANT                                 *
2005 Flourmill Court
Crownsville, MD 21032                         *    Civil Action No. 1:21-cv-02008-RDB
***on behalf of herself and***
***all others similarly situated***           *

     Plaintiffs.                             *
v.
                                 *

KOPPERS, INC.                                 *
436 Seventh Ave
Pittsburgh, PA 15219                          *

Serve on:                                     *

    CSC Lawyers Incorporating Service
    Company,                                   *
    7 St. Paul Street, Suite 820
    Baltimore, MD 21202                        *

    and                                       *

CULPEPER OF FEDERALSBURG, LLC                 *
501 North Main Street
Culpeper, VA 22701                            *

Serve on:                                     *

    David E. Rutkoski, Resident Agent          *
    2000 Industrial Park
    Federalsburg, MD 21643                     *

    and                                       *

CULPEPER OF COLUMBIA, INC.          *
208 Flinklake Road
Columbia, SC 29223                  *

Serve on:                           *

    Doris Batiste, Resident Agent          *
    501 North Main Street, PO Box 1148
    Culpeper, VA 22701                  *

    and                                 *

CULPEPER OF FREDERICKSBURG,          *
INC.
501 North Main Street               *
Culpeper, VA 22701

Serve on:                           *

    Doris S. Batiste, Resident Agent       *
    501 North Main Street, PO Box 1148
    Culpeper, VA 22701                  *

    and                                 *

CULPEPER OF FRUITLAND, LLC           *
501 North Main Street
Culpeper, VA 22701                   *

Serve on:                           *

    Tom Spicer, Resident Agent             *
    2000 Industrial Park
    Federalsburg, MD 21632              *

## FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Larry Bryant and Deidra Bryant (together, the "Bryants" or "Plaintiffs"), on

behalf of themselves and on behalf of the entire class of persons similarly situated, by and through

their attorneys, Aidan F. Smith, Mark D. Maneche, and Pessin Katz Law, P.A., hereby sues

Koppers, Inc. (hereinafter "Koppers"), Culpeper of Federalsburg, LLC, Culpeper of Fruitland, LLC, Culpeper of Fredericksburg, Inc., and Culpeper of Columbia, Inc. (collectively, the "Culpeper Defendants") (collectively, the "Defendants").

## Introduction

The Bryants had a deck constructed on their property with wood that was chemically treated by Culpeper Defendants with chemicals that were manufactured by Koppers. The Defendants guaranteed that the chemical treatment would prevent rot and fungus. Despite this promise from the Defendants, the deck is now unusable due to fungus and rot, which have destroyed the deck.

This problem is incredibly common. Koppers changed the chemical formulation for its wood treatment in 2004. The problems with the wood are not only caused by the changed formula, but are also caused by Culpeper Defendants using inadequate amounts of the chemical to treat the wood.

Thousands of decks were built in the past ten years using these chemicals and the inadequate treatment level. It is, therefore, expected that this problem is wide spread and thousands of other decks will need to be repaired or replaced, along with property on those decks.

## Defendants and Jurisdiction

1.      Defendant Koppers is a corporation duly organized under the laws of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania. Koppers is engaged in the design, manufacture, and sale of chemicals and chemically-treated wood, and is duly licensed to do business in the State of Maryland and in fact does business in Maryland (*i.e.*, the sale and/or manufacture of chemically-treated wood). Koppers carries on a regular business throughout the State of Maryland.

2.      Defendant Culpeper of Federalsburg, LLC is a corporation duly organized under the laws of Virginia with its principal place of business in Culpeper, Virginia. On information and belief, Culpeper is a seller of Koppers-treated wood products and does business in Maryland. Culpeper carries on a regular business throughout the State of Maryland.

3.      Defendant Culpeper of Columbia, Inc. is a corporation duly organized under the laws of Virginia with its principal place of business in Columbia, South Carolina. On information and belief, Culpeper is a seller of Koppers-treated wood products and does business in Maryland. Culpeper carries on a regular business throughout the State of Maryland.

4.      Defendant Culpeper of Fruitland, LLC is a corporation duly organized under the laws of Virginia with its principal place of business in Culpeper, Virginia. On information and belief, Culpeper is a seller of Koppers-treated wood products and does business in Maryland. Culpeper carries on a regular business throughout the State of Maryland.

5.      Defendant Culpeper of Fredericksburg, LLC is a corporation duly organized under the laws of Virginia with its principal place of business in Culpeper, Virginia. On information and belief, Culpeper is a seller of Koppers-treated wood products and does business in Maryland. Culpeper carries on a regular business throughout the State of Maryland.

6.      Jurisdiction in the United States District Court for the District of Maryland is proper under 28 U.S.C. § 1332 because the Defendant is diverse from all Plaintiffs and the amount in controversy in this action exceeds $75,000.00.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the instant claim occurred in the Northern Division of the District of Maryland.

## Class Representatives

8.      Class Representative Plaintiff Lawrence Bryant is a resident of Anne Arundel County, Maryland.

9.      Class Representative Plaintiff Deidra Bryant is a resident of Anne Arundel County, Maryland.

10.     Plaintiffs Lawrence and Deidra Bryant bring this action pursuant to Federal Rule of Civil Procedure 23 as a class action on their own behalf and on behalf of all persons similarly situated.

## The Class

11.     The members of the Plaintiff class are so numerous that their joinder is impracticable. The size of the class exceeds 1,000 members, many of whom live in the State of Maryland.  The class is defined as all persons who:

> (a) have decks on their property constructed with wood that has been chemically-treated, manufactured and/or sold by Koppers and/or Culpepper, (b) had these decks constructed from on or around January 1, 2004 until the present, and (c) relied on the Defendants' express written warranty and Defendants' legal duty to sell a product free of known or reasonably discoverable defects.

Each class member similarly has discovered that his or her deck was constructed with defectively designed and/or manufactured wood, which was treated by Culpeper with a chemical designed and manufactured by Koppers and this defective chemical and treatment has rendered their decks unsafe for normal use.

## Maintainability of this Action

12.     There are questions of law and/or fact that are common to the class, *e.g.,* whether the Defendants have breached their express warranties that the wood has been adequately treated to extend the life of the wood and to preserve it from rot, mold, and fungi.

13.     The claims of the Class Representative Plaintiffs are typical of and similar to the claims of the other class members. The Class Representative Plaintiffs will fairly and adequately represent the interests of the class.

14.     This action is properly brought as a class action under Federal Rule 23 in that questions of law or fact common to members of the class predominate over any questions affecting only individual members, joinder would be impracticable, there is a risk of inconsistent or varying adjudications amongst individual suits, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy between the class and Defendants.

## Desirability of a Class Action

15.     The commonality of issues of law and fact, as well as the relatively limited liability to each class member, substantially diminishes the interest of members of the class in individually controlling the prosecution of separate actions. Many of the members of the class are unaware of their rights to prosecute a claim against the Defendants. There has been little, if any, litigation already commenced by members of the class to determine the questions presented herein. It is desirable that the claims be concentrated in this forum due to the fact that many witnesses reside in the State of Maryland. This class action can be managed without undue difficulty because the Class Representative Plaintiffs will vigorously pursue the interests of the class by virtue of the specific damages they have incurred as a result of purchasing Defendants' product.

## Qualifications of Class Counsel

16.     Counsel for the Class Representative Plaintiffs and for the proposed class, Mark D. Maneche and Aidan F. Smith ("Class Counsel"), collectively have decades of experience handling complex litigation matters, including class action litigation matters like this one.  Class Counsel have handled numerous class certification and class action litigation matters in Maryland state

courts, as well as in federal courts in Maryland and elsewhere.  As reflected in their respective biographies, which may be found at https://www.pklaw.com/attorneys/maneche-mark-d/ and https://www.pklaw.com/attorneys/smith-aidan-f/, Class Counsel are well qualified to represent the Class Representative Plaintiffs and the proposed class in this case.

<b><u>Facts Specific to the Class Representative Plaintiffs</u></b>

**I.     The Incident**

17.     On or about June 27, 2007, the Class Representative Plaintiffs entered into a contract with ProBuilt Construction, Inc. ("ProBuilt") to build a deck on their home located at 2005 Flourmill Court, Crownsville, Maryland.

18.     Prior to entering into the contract, Defendants represented that its lumber was pressure-treated lumber. It is commonly understood that pressure-treated lumber prevents rot. This representation substantially induced Plaintiffs' decision to use pressure-treated lumber in the construction of the deck.

19.     The deck was built in accordance with the contract in or about September of 2009, and Plaintiffs paid $145,096.00 for the design, materials, and labor.

20.     The deck was eight to ten feet tall, high enough to cause severe injury or death if an individual was to fall through the deck.

21.     On information and belief, the deck was constructed using pressure-treated wood, which was treated by Culpeper Defendants with chemicals manufactured by Koppers in order to preserve the wood from rot, mold, fungi, and the like.

22.     In 2019, Plaintiff Deidra Bryant was walking on the deck when a support beam gave way, causing her to fall. While Plaintiff Deidra Bryant did not suffer major injuries, she very well could have been severely injured.

23.     After Mrs. Bryant's fall, the Plaintiffs inspected the deck and discovered the underlying wood joists were extensively rotten, decayed, and caving in.

## II.     Subsequent Inspection Reveals Extensive Brown Rot Decay in Joists and Deck Stair Stringer

24.     Many joists were so extensively decayed that the deck boards were not full supported and compressed into the top surface of the joists. Many joists had extensive zones of collapsed, brown rotted wood causing a major structural safety hazard.

25.     Even more concerning is that the extensive rot was concealed from Plaintiffs' view, and only upon removal of the deck boards and inspection of the hidden deck stairs stringer could the hazards be discovered. Below are photographs of the extensive brown rot decay in various joists, taken at the time of the deck inspection.

















26.     The deck stairs stringer also exhibited extensive decay. Below are photographs of the deck stairs and extensive decay of the deck stairs stringer, taken at the time of the deck inspection.













27.    This condition was caused by a fungus, which rots wood from the inside out, and

causes a visible white residue on the wood. Wood that contains fungus is not a safe or stable

material for a structure. If the wood used to construct the deck had been properly treated by

Culpeper Defendants with an appropriate chemical manufactured by Koppers, then the fungus would not have formed on the deck and the deck would be fit for normal use.

28.     As you can see from the photograph below, taken at the time of the deck inspection, the deck's height of eight to ten feet is enough to cause clear and extreme danger of death or serious personal injury.



29.     Due to Mrs. Bryant's fall and subsequent inspection of the deck, it became apparent to the Plaintiffs that the deck was no longer structurally sound for use. Due to the structural instability and imminent danger of collapse, there is a clear and extreme danger of death or serious personal injury and damage to property other than the wood and structure themselves.

**COUNT I – NEGLIGENCE**
**(Class Action Claim – Against All Defendants)**

30.     Plaintiffs incorporate the above paragraphs as if fully set forth herein.

31.     Culpeper Defendants are engaged in the design, manufacturing, treatment, and sale of chemically-treated wood. Koppers supplies the chemicals that are used to treat chemically-treated wood.

32.     Defendants have a duty to design, manufacture, and sell products that are free from any and all defects, safe for use, and fit for their intended purpose.

33.     Defendants breached that duty when they manufactured and/or sold a defective, unsafe, and unfit product that was ultimately used in Plaintiffs' deck.

34.     In or about 2019, Plaintiffs became aware that their deck in its current condition is permanently structurally unstable and unsafe for use due to its composition of defective pressure-treated wood.

35.     As a proximate result of this negligently designed and/or manufactured product, Plaintiffs have suffered damages in excess of $75,000 insofar as their deck is unstable, unsafe, and unusable for its intended purpose, and is likely to damage property on or around the structure.

WHEREFORE, Class Representative Plaintiffs Lawrence and Deidra Bryant request that this Court certify this action as a class action and demand judgment for the Class Representative Plaintiffs and members of the class against Defendants in an amount in excess of $75,000, plus interest, costs and attorneys' fees.

## COUNT II – STRICT PRODUCTS LIABILITY
### (Class Action Claim – Against All Defendants)

36.     Plaintiffs incorporate the above paragraphs as if fully set forth herein.

37.     Defendants are engaged in the design, manufacturing, treatment, and sale of chemically-treated wood and the chemicals used to treat that wood. Defendants have a duty to

design, manufacture, and sell products that are free from defects, safe for use, and fit for their intended purpose.

38.    Defendants placed a defective product into the stream of commerce when they sold the defectively designed and/or manufactured and unreasonably dangerous pressure-treated wood and the chemicals used to treat that wood. These products were ultimately used to construct Plaintiff's deck.

39.    On information and belief, the pressure-treated wood reached the Plaintiffs' deck without any substantial change in its condition on the part of Plaintiffs or any other third party. Plaintiffs have used the deck in a reasonably foreseeable and expected manner since it was built.

40.    In 2019, Plaintiffs were made aware that their deck, in its current condition, is permanently structurally unstable and unsafe for use due to the deterioration of the pressure-treated wood. Continued use of the deck would risk substantial injury or death to those on or near the structure and damage to other property on or near the structure.

41.    As a proximate result of this defectively designed and/or manufactured product, Plaintiffs have suffered damages in excess of $75,000 insofar as their deck is unstable, unsafe, and unusable for its intended purpose.

WHEREFORE, Class Representative Plaintiffs Lawrence and Deidra Bryant request that this Court certify this action as a class action and demand judgment for the Class Representative Plaintiffs and members of the class against Defendants in an amount in excess of $75,000, plus interest, costs and attorneys' fees.

### Count III – UNFAIR OR DECEPTIVE TRADE PRACTICES
**(Class Action Claim – Against All Defendants)**

42.    Plaintiffs incorporate the above paragraphs as if fully set forth herein.

43. Defendants falsely represented to consumers before that the wood they treated and the chemicals they supplied for this treatment would be "protected from . . . fungal decay." https://www.culpeperwood.com/wp-content/uploads/pdf/pdfmplifewoodbrochure1.28.09.pdf.

44. Defendants' representation that its product would not be impacted by fungal decay was a false or misleading written statement, visual description, or other representation which has the capacity, tendency, or effect of deceiving or misleading consumers under Maryland Consumer Protection Act, Md. Code, Commercial Law § 13-303, as defined by § 13-301(1), by implying that the wood treated by or with a chemical supplied by Defendants would not be detrimentally impacted by fungal decay.

45. By representing pre-purchase that its product was pressure-treated and would not be impacted by fungal decay, Defendants' representation substantially induced Plaintiffs' choice of pressure-treated lumber for their deck and was false or misleading, or had the capacity to deceive consumers and exposed Plaintiffs to unreasonable danger and risk to life, health and safety, Defendants committed an unfair or deceptive trade practice under the Maryland Consumer Protection Act, Md. Code, Commercial Law § 13-303, as defined by § 13-301(2), namely, a representation that the subject consumer goods are of a particular standard, quality, grade, style, or model which they are not.

46. By making these false, deceptive, and/or misleading statements, the Defendants violated the Maryland Consumer Protection Act, Md. Code, Commercial Law § 13-303.

WHEREFORE, Class Representative Lawrence and Deidra Bryant request that this Court certify this action as a class action and demand judgment for the Class Representative Plaintiffs and members of the class against Defendants in an amount in excess of $75,000, plus interest, costs and attorneys' fees.

## Count IV – BREACH OF WARRANTY
### (Class Action Claim – Against All Defendants)

47.     Plaintiffs incorporate the above paragraphs as if fully set forth herein.

45.     Defendants warranted that the lumber was of good and merchantable quality, that it was safe for use in the construction of decks, and that is was properly designed, manufactured, inspected, and tested, particularly in the development and application of pressure-treatment to prevent mold, fungi, and rot.

48.     Defendants breached the warranties alleged above in that that product was not of good and merchantable quality, was not suitable for performing the function for which it was intended, and was not properly designed, manufactured, inspected, or tested, as evidenced by the aforementioned allegations and photographs showing extensive rot and decay.

49.     As a direct result of Defendants' breach of warranty, Plaintiffs sustained the damages set forth above.

WHEREFORE, Class Representative Lawrence and Deidra Bryant request that this Court certify this action as a class action and demand judgment for the Class Representative Plaintiffs and members of the class against Defendants in an amount in excess of $75,000, plus interest, costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiffs Larry Bryant and Deidra Bryant assert their right under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues so triable.

Respectfully submitted,


*/s/ Mark D. Maneche*
Mark D. Maneche (Fed. Bar No. 23368)
mmaneche@pklaw.com
Aidan F. Smith (Fed. Bar No. 29312)
asmith@pklaw.com
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
(410) 938-8800
(410) 832-5628 (fax)

**Counsel for Plaintiffs**